## Austin-Western Road Machinery Co. v. Herr et al.

*Statement—Sufficiency of—Book account.*

In a suit on a book account it is not necessary to set forth in the statement whether the contract of sale was oral or written or when the prices were mutually agreed upon.

Rule for more specific statement. C. P. Lancaster Co., Aug. T., 1926, No. 27.

F. Lyman Windolph, for rule; L. R. Geisenberger, contra.

LANDIS, P. J., Sept. 25, 1926.—The plaintiff's statement alleges that its claim is founded on a book account, which is attached thereto, namely:

"1925. Dec. 5. No. 77635.

24 Lgths. 60" 16 Ga. Austin Super Iron Pipe
8' Lg. at 5.48 .......................... 1227.52
24 60" Ga. Connecting bands 1' Lg. at 5.48 ...... 131.52
——————— 1359.04."

It is claimed in the petition for a more specific statement that the statement is defective, in that it does not set forth whether the alleged contract between the plaintiff and defendants was oral or in writing, and that, while it is likewise set forth that the merchandise was sold to the defendants at prices which were mutually agreed upon between the parties, it does not set forth when said prices were agreed upon or whether the agreement as to said prices was oral or written.

In Raub Supply Co. v. Forrest, 39 Lanc. Law Rev. 196, 5 D. & C. 678, it was decided by this court that "in an action on a book account, it is not necessary to allege in the statement whether the contract is oral or written," and we think not only that the conclusion arrived at was correct, but that it covers the first objection. This suit was not on a specific contract, but on a book account; and it, therefore, does not fall within the provisions of the Act of 1915 relating to oral or written contracts.

As to the latter objection, we think it has no merit. The charge made in the account is "1925, Dec. 5," and presumably the sale was made on that day.

The rule for a more specific statement is, therefore, discharged.

Rule discharged.                    From George Ross Eshleman, Lancaster, Pa.